OPINION AND JUDGMENT ENTRY
This matter comes before the court on appeal from the Lucas County Court of Common Pleas wherein a jury convicted appellant, Lashawn Williams, of aggravated burglary.
A trial commenced July 28, 1998. Mirta Villegas testified that in the early morning hours of June 1, 1998, she was babysitting the children of Tabitha Rogers at the home where Rogers lived with John Woods. While she was babysitting, Villegas testified that appellant kicked down the door and demanded to see the children. He walked around the house and then went outside. At that point another man, Gordon Hull, walked into the house. Villegas testified that Hull began hitting her. Appellant returned to the house pulling Tabitha Rogers inside by her hair. Villegas testified that appellant started "slamming [Rogers] all over the house." After Hull had stopped hitting Villegas, appellant began kicking her. As a result of this incident, Villegas was hospitalized with skull and nose fractures.
Christina Briggs was also present at Tabitha Roger's home on June 1, 1998. She testified that Rogers, angry at appellant, left to throw eggs at appellant's car. Appellant is the father of two of Rogers' children. While she was gone, appellant called and told Briggs that "everything that [Rogers] does to him he's going to do her friends." He also threatened bodily harm. Briggs testified that she was not too worried about the threats because she did not think appellant knew their address. Approximately twenty minutes later, appellant kicked the locked door open. He proceeded to search the house for his children. Once he found them, he went back outside and got Rogers. He pulled her inside the house by her hair and began hitting her.
Toledo police officer Thomas Hanus testified he was dispatched to the home of Rogers' and Wood on June 1, 1998. He testified that the door had been kicked in and that Villegas had been beaten.
On August 10, 1998, the jury found appellant guilty of aggravated burglary. He was sentenced to five years in prison. Appellant now appeals setting forth the following assignments of error:
 "I. THE TRIAL COURT VIOLATED THE DEFENDANT'S DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF OHIO WHEN IT ALLOWED TESTIMONY FROM JOHN WOODS, AS MR. WOODS WAS NOT IDENTIFIED ON THE WITNESS LIST PROVIDED TO THE DEFENDANT-APPELLANT, FROM THE STATE OF OHIO, IN DISCOVERY.
 "II. THE TRIAL COURT VIOLATED THE DEFENDANT'S DUE PROCESS RIGHTS AND RIGHT TO CONFRONT WITNESSES UNDER THE CONSTITUTIONS OF THE UNITED STATES AND OHIO WHEN IT DID NOT ALLOW THE DEFENDANT TO QUESTION MIRTA VILLEGAS ON HER USE OF DRUGS DURING CROSS-EXAMINATION.
 "III. THE TRIAL COURT VIOLATED THE DEFENDANT'S DUE PROCESS RIGHT AND RIGHT TO CONFRONT WITNESSES UNDER THE CONSTITUTIONS OF THE UNITED STATES AND OHIO WHEN IT DID NOT ALLOW THE DEFENDANT TO QUESTION MIRTA VILLEGAS DURING RE-CROSS EXAMINATION, REGARDING HER ANSWER TO QUESTIONS BY THE CO-DEFENDANT REGARDING DRUG USE."
In his first assignment of error, appellant contends the court erred in allowing James Woods to testify. Specifically, appellant contends that Woods should not have been allowed to testify in that his name did not appear on the prosecutor's witness list provided to appellant through discovery.
Crim.R. 16(B) (1) (e) states in pertinent part: "[U]pon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney." Crim.R. 16(E) (3) provides for the regulation of discovery in a criminal case and permits a trial court to exercise discretion in determining the appropriate sanction for a discovery violation. State v. Wiles (1991), 59 Ohio St.3d 71,78. An abuse of discretion is more than an error of law and judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
A prosecutor who calls a witness whose name does not appear on the witness list is in violation of Crim.R. 16. However, the court may allow the witness to testify if the record does not disclose "(1) a willful violation of the rule, (2) that foreknowledge would have benefited the accused in the preparation of his or her defense, or (3) that the accused was unfairly prejudiced." State v. Scudder (1994), 71 Ohio St.3d 263, 269,643 N.E.2d 524, citing State v. Heinish (1990), 50 Ohio St.3d 231,553 N.E.2d 1026, syllabus.
In the present case, the record does not show that the prosecutor willfully kept John Woods' name from appellant's counsel. Rather, the prosecutor called John Woods to provide certain information only after he realized another witness on the list with the same information was unavailable. The purpose of John Woods' testimony was to show that appellant did not have permission to be inside Woods' house. The record does not show that foreknowledge of Woods' testimony would have helped appellant in his defense as the name of Tabitha Rogers, Woods' roommate, was on the prosecutor's witness list. Finally, the record shows that appellant was not prejudiced as Mirta Villegas, the state's first witness testified, that the burglary occurred at John Woods' home and that appellant had entered without permission. Accordingly, the court did not abuse its discretion in allowing John Woods to testify. Appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends that the court erred in denying counsel the opportunity to question Mirta Villegas about her alcohol and drug use on the night of the incident. Appellant contends the court violated hisSixth Amendment right to confront witnesses against him. Appellant hoped to impeach Villegas pursuant to Evid.R. 616(B) which allows a witness to be impeached because of a "[A] defect of capacity, ability, or opportunity to observe, remember, or relate * * *." In his brief, appellant explains that the basis for this line of questioning was the information Mirta Villegas provided to the hospital upon her admission on June 1, 1998. "Defendant's exhibit A," specifically the "pediatric admission history" reads in pertinent part:
 "[Patient] states assailant came `crashing in' on her * * * [Patient does not know how long she was unconscious and states this same perpetrator has beaten her before. [Patient] states she was using ETOH and THC at time of incident. [Patient] admits chronic polysubstance use."
It is well-established that the admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, 180. A reviewing court "will not reject an exercise of this discretion unless it clearly has been abused and the criminal defendant thereby has suffered material prejudice." State v. Long (1978),53 Ohio St.2d 91, 98.
Our review of the record shows that any error in excluding appellant's questions regarding Mirta Villegas' substance abuse on June 1, 1998 was harmless as the jury also heard the testimony of Christina Briggs. Briggs' account of the events of June 1, 1998 was consistent with the testimony of Mirta Villegas. Appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant contends that the court erred in not allowing him to question Mirta Villegas on re-cross examination regarding her use of drugs.
Following appellant's cross-examination of Mirta Villegas, counsel for Gordon Hull also conducted a cross-examination. When she was asked if any of the people involved in the incident used drugs, including herself, she answered "no." Appellant contends that because counsel for Gordon Hull was allowed to ask a question regarding Villegas' substance abuse, he should have been able to ask similar questions on recross. The court did not allow appellant to ask such questions as the prosecutor on redirect examination raised no issues regarding substance abuse. Once again we find that appellant was not prejudiced by this ruling as there is other evidence in support of appellant's conviction. Appellant's third assignment of error is found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced nor prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J. JUDGE
 _______________________________ Richard W. Knepper, J. JUDGE
 _______________________________ Mark L. Pietrykowski, J. JUDGE
CONCUR.